UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEALTHY, INC., et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>SPENCER CORNELIA, et al.,<br><br>Defendant(s). | Case No. 2:21-CV-1173 JCM (EJY)<br><br>ORDER |

Presently before the court is Spencer Cornelia, Cornelia Media, and Cornelia Education LLC (collectively "defendants")'s motion to consolidate this case with *Wealthy Inc. v. Mulvehill*, Case No. 2:22-cv-00740-JCM-EJY. (ECF No. 43). Wealthy Inc. and Dale Buczkowski (collectively "plaintiffs") filed a response (ECF No. 47), to which defendants replied (ECF No. 48).

**I.   Background**

The instant action arises from a series of allegedly false statements contained in videos released by defendant Spencer Cornelia on his YouTube channel. (ECF No. 43). These videos contained interviews conducted by Cornelia with John Mulvehill, the defendant in the related case. (ECF No. 47)). In these videos, Cornelia and Mulvehill make allegedly false statements about Dale Buczkowski, and plaintiffs brings claims for redress under several tort theories. (*Id.*)

Plaintiffs filed this action in in June 2021, which, despite mentioning Mulvehill often in the complaint, did not name him as a defendant. (ECF No. 43). The parties then proceeded to discovery.

Plaintiffs brought a near identical complaint against Mulvehill in May 2022 and filed a notice of related cases pursuant to this district's local rules. (ECF No. 43). The parties

**James C. Mahan**
**U.S. District Judge**

continued in discovery and have had several disputes along the way. Currently, a hearing is scheduled before Magistrate Judge Youchah to resolve disputes surrounding briefing schedules relevant to both cases and the deposition of John Mulvehill. *See* (ECF No. 92).

As relevant here, defendants now move to consolidate these two cases, arguing that it is more efficient for them to proceed together. (ECF No. 43).

**II.  Legal Standard**

The court has the authority to consolidate cases that involve a common question of law or fact. Fed. R. Civ. P. 42 (a). It is appropriate for a court to consolidate cases if consolidation will avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(3). However, the court should not consolidate the cases if consolidation would result in undue prejudice for any of the parties. *See Huene v. U.S.*, 743 F.2d 703 (9th Cir. 1984); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Therefore, if there are two actions correctly pending before the court, both involving common questions of law and fact, and consolidation will prevent needless repetition, delay, or unnecessary costs, and there are no mitigating circumstances against consolidation, the motion should be granted. *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F.Supp. 281, 283 (S.D. Ala. 1989).

**III.  Discussion**

These two actions are largely identical. They assert the same claims for relief, arise out of the same facts, seek the same damages, and are otherwise inextricably intertwined. Motion practice and discovery in each case has regularly implicated the other—often to the point of blurring the line between each case. The only difference in the suits is the defendant.

Plaintiffs assert that these cases should remain separate due to how "personal and specific" the defenses in each case are. (ECF No. 47). The court gives this argument little weight. The underlying facts are the same, and the evidence will be very similar, if not identical, between the actions. The joint hearing before Judge Youchah set for next week to resolve scheduling issues implicating both cases is further evidence of that similarity. The fact that each defendant will assert its own defenses is a feature of complex litigation, and it is something the court is well-equipped to handle.

**James C. Mahan**
**U.S. District Judge**

There will be no prejudice to the parties if these cases are consolidated. Plaintiff contends that a jury in an eventual trial would be confused by the fact that there are separate defendants who are jointly and severally liable. This is not enough to overcome the efficiency of consolidation. Any potential jury confusion could be resolved through pre-trial motions *in limine* or in carefully crafted jury instructions.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to consolidate (ECF No. 43) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this matter and *Wealthy Inc v. Mulevehill*, Case No. 2:22-cv-00740-JCM-EJY are hereby consolidated, with this matter serving as the lead case.

DATED November 8, 2022.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**